**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIC PEEBLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-928-SMD** |
| | ) | |
| **AUBURN UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Plaintiff brings the instant action against Defendant Auburn University for alleged violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701, and the Americans with Disabilities Act of 1990, 42 U.S.C. 12101. (Doc. 1) at 1. Before the Court is Plaintiff's Motion for Reconsideration (Doc. 44), which asks the Court to reconsider its prior order denying Plaintiff's motion to file a response to Defendant's motion for summary judgment out of time. For the following reasons, Plaintiff's Motion for Reconsideration, *id.*, is DENIED.

## I.    BACKGROUND

The facts underlying Plaintiff's Motion to Reconsider are as follows. On October 5, 2020, Defendant moved for summary judgment of Plaintiff's Complaint in its entirety. (Doc. 32). The following day, the Court ordered Plaintiff to respond to Defendant's Motion for Summary Judgment on or before October 27, 2020. (Doc. 37). On October 13, 2020, Plaintiff's counsel, Ashley Rhea, moved for an extension of time to file Plaintiff's Response, explaining that she needed "an additional seven [] days to adequately

prepare [Plaintiff's] Response" and that Defendant had no opposition to the extension. (Doc. 40) at 1. The Court granted Ms. Rhea's motion and extended Plaintiff's deadline to respond to November 3, 2020. (Doc. 41). Ms. Rhea, however, failed to timely file Plaintiff's Response.

On November 18, 2020, Ms. Rhea moved for leave to file Plaintiff's Response out of time. (Doc. 42). Ms. Rhea's motion for leave read—in its entirety—as follows:

> COMES NOW Plaintiff Eric Peebles, through his undersigned counsel, and moves this Court for leave to file his Response in Opposition to Defendant Auburn University's Motion for Summary Judgment. Counsel for Plaintiff has been extremely ill since November 4, 2020.
>
> WHEREFORE, Plaintiff respectfully requests the Court grant his Motion for Leave to file his Response in Opposition to Defendant's Motion for Summary Judgment, and extend Defendant's deadline to file its Reply.

*Id.* Ms. Rhea failed to attach Plaintiff's proposed Response, or any other exhibit, to her motion. On November 20, 2020, the Court denied Ms. Rhea's motion for leave, concluding that she "failed to show that excusable neglect warrant[ed] an extension of Plaintiff's deadline to file [his] Response." (Doc. 43) at 3. Ms. Rhea now moves the Court to reconsider that decision.

## II.   LEGAL STANDARD

"A court's reconsideration of a prior order is an extraordinary remedy and exercise of this power must, of necessity, be used sparingly." *Duval v. L. Offs. of Andreu, Palma & Andreu, PL*, 2010 WL 2293138, at *1 (S.D. Fla. June 8, 2010). The purpose of reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)

(quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). It is not designed to "ask the Court to rethink what it ha[s] already thought through—rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983). To that end, a court may grant a motion to reconsider a previous order when the moving party shows that: (1) there is an intervening change in controlling law, (2) new evidence is available, or (3) there is a need to correct clear error or manifest injustice. *See, e.g.*, *Duval*, 2010 WL 2293138, at *1 (S.D. Fla. June 8, 2010); *Eisenberg v. Carnival Corp.*, 2008 WL 2946029, at *1 (S.D. Fla. July 7, 2008). The burden is on the movant to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.,* 148 F.R.D. 294, 294 (M.D. Fla. 1993).

## III.   DISCUSSION

Here, Ms. Rhea does not provide an intervening change in controlling law or allege that new evidence is available in support of her Motion for Reconsideration. Instead, she asserts that denying Plaintiff the ability to file his untimely response would be "a manifest injustice." (Doc. 44) at 2. As bases for reconsideration, Ms. Rhea asks the Court to consider: (1) her illness, and (2) the discrepancy in the number of days that the Court has afforded the parties to prepare their respective summary judgment materials. (Doc. 44) at 1-2. Neither reason—alone or in combination—persuades the Court to reconsider its November 20, 2020, Order.

### A.  Ms. Rhea's Illness

Ms. Rhea alleged in Plaintiff's Motion for Leave to File that she became extremely ill on November 4, 2020, and that her illness prevented her from filing Plaintiff's Response

on November 3, 2020.[1] (Doc. 42) at 1. In Plaintiff's pending Motion for Reconsideration, Ms. Rhea changes that date—without explanation—to November 3, 2020, which was the deadline for filing Plaintiff's response. (Doc. 44) at 1. Ms. Rhea, who states that she has an underlying illness that makes her high risk for COVID-19, avers that on the day of the deadline she began "experiencing nausea, aches, and a fever which medical professionals have noted as symptoms of COVID-19." (Doc. 44-1) at 1. Ms. Rhea claims that she continues "to experience symptoms and seek treatment" as a result of her illness. *Id.* Importantly, however, Ms. Rhea alleges that, despite the onset of her symptoms on November 3, 2020, she completed and filed Plaintiff's Response on that day. *Id.* at 2. Plaintiff's Response, however, does not appear on the Court's docket.

While the Court is sympathetic to Ms. Rhea's medical issues, it remains confused as to why her illness prevented her from timely filing Plaintiff's Response. Indeed, in the current Motion, Ms. Rhea acknowledges that despite experiencing illness on November 3, 2020, *she completed Plaintiff's opposition* using CM/ECF that same day.[2] (Doc. 44-1) at 2. Clearly, then, the need to file Plaintiff's Response out of time is not due to Ms. Rhea's illness even if her symptoms began on November 3, 2020. Therefore, there is no need to correct clear error or manifest injustice in the Court's previous decision based upon Ms.

---

[1] In denying the Motion for Leave, the Court noted that Ms. Rhea became ill *after* the deadline for filing the response had passed; therefore, the Court reasoned that her illness could not have been the reason why the deadline was not met. (Doc. 43).

[2] Ms. Rhea does not claim that the CM/ECF system malfunctioned or that other technological difficulties prevented her from completing the filing. And, importantly, Ms. Rhea took no further action to address the missing Response until November 18, 2020—fifteen days after it was due—when she filed Plaintiff's Motion for Extension of Deadline. Interestingly, Ms. Rhea did not claim that she filed the Response on November 3, 2020, within that motion. To be clear, Ms. Rhea has never filed Plaintiff's Proposed Response with the Court.

Rhea's illness.

### B.  Time Discrepancy for Filing Summary Judgment Materials

Ms. Rhea argues that the difference in the number of days that the Court has afforded Defendant and Plaintiff to prepare their respective summary judgment materials justifies reconsideration of the Court's previous order. (Doc. 44) at 2. Ms. Rhea asserts that the Court has granted Defendant forty-four days to prepare and submit its Motion for Summary Judgment, while it has only granted Plaintiff thirty-two days to prepare and submit Plaintiff's Response. *Id.*[3]

Outside of the original deadlines set for dispositive motions within the Court's Uniform Scheduling Order, the Court has granted two extensions—one for Defendant and one for Plaintiff—to file their respective summary judgment materials. The undersigned extended Defendant's deadline to file its Motion for Summary Judgment by fourteen days—the full amount of time Defendant requested—based upon a joint motion from the parties. (Doc. 27). The undersigned extended Plaintiff's deadline to respond to summary judgment by seven days—the full amount of time Plaintiff requested—based upon Plaintiff's unopposed motion. (Doc. 41). Thus, the Court has afforded both parties with the full amount of time they have requested to submit their summary judgment materials. Nevertheless, Ms. Rhea does not explain how the discrepancy in the number of filing days

---

[3] Additionally, Ms. Rhea asks the Court to consider that she has "never filed a motion for leave of court to file a brief past the ordered deadline." (Doc. 44) at 2. Although Ms. Rhea may never have requested leave of court to file a brief out of time, she recently failed to respond to a motion for summary judgment in a racial and disability discrimination case where she represented the plaintiff. *See Mallory v. Morningview Estates, LLC*, 2020 WL 6870560, at *1 (N.D. Ala. Nov. 23, 2020). While the circumstances of Ms. Rhea's failure to file a response in that case are unknown, her apparent pattern of failing to file opposition papers is a concern to the Court.

prevented her from meeting her deadline (or moving the Court for an additional extension of time), and the Court finds no reason to conclude that it would. Therefore, there is no need to correct clear error or manifest injustice in the Court's previous decision based upon the respective days afforded Defendant and Plaintiff for filing their summary judgment materials.

## IV.   CONCLUSION

In sum, the Court finds that Ms. Rhea has failed to meet her burden to show that the Court should reconsider its November 20, 2020, Order. Because there is no need to correct clear error or manifest injustice in the Court's prior order denying Plaintiff's request to file his opposition to summary judgment out of time, it is

ORDERED that Plaintiff's Motion for Reconsideration (Doc. 44) is DENIED.

DONE this 10th day of December, 2020.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE